### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| MESH COMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TRILLIANT NETWORKS, INC.,<br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS. | **CIVIL ACTION NO. 3:11cv-621-S**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT TRILLIANT NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS

Defendant, Trilliant Networks, Inc. ("Trilliant Networks") hereby answers the numbered paragraphs of the Complaint of MESH COMM, LLC ("Mesh Comm") as follows:

### THE PARTIES

1. Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Trilliant Networks admits that it is a Delaware corporation with its principal place of business at 1100 Island Drive, Redwood City, California, 94065.

### JURISDICTION AND VENUE

3. Trilliant Networks admits that the Complaint contains claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. §1 *et seq.,* including 35 U.S.C. §§ 271(a), 281, 283, 284, and 285, but denies that any such claim is stated.

4. Trilliant Networks admits that the Complaint alleges that this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).

5. Trilliant Networks admits that the Complaint alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

6. Trilliant Networks admits that this Court has personal jurisdiction over Trilliant Networks. Trilliant Networks admits that it has conducted some business in the State of Kentucky. Trilliant Networks denies the remaining allegations contained in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Trilliant Networks admits that an uncertified copy of a document purporting to be U.S. Patent No. 8,019,836 ("'836 patent") was attached to the complaint as Exhibit A. Trilliant Networks admits that Exhibit A is entitled "Wireless Communication Enabled Meter and Network." Trilliant Networks admits that Exhibit A states on its face that it was issued on September 13, 2011. Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Trilliant Networks admits that Mesh Comm is listed as the assignee on the face of the '836 patent.

## COUNT ONE

9. Trilliant Networks realleges and incorporates by reference its responses set forth in Paragraphs 1-8.

10. Trilliant Networks denies the allegations contained in Paragraph 10 of the Complaint.

11. Trilliant Networks denies the allegations contained in Paragraph 11 of the Complaint.

12. Trilliant Networks denies the allegations contained in Paragraph 12 of the Complaint.

13. Trilliant Networks denies the allegations contained in Paragraph 13 of the Complaint.

14.     Trilliant Networks denies the allegations contained in Paragraph 14 of the Complaint.

**WHEREFORE,** Trilliant Networks denies that Mesh Comm is entitled to any of the relief sought and requests that the Court deny all of the relief sought.

## AFFIRMATIVE DEFENSES

Trilliant Networks asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE

Trilliant Networks does not infringe, and has not infringed, directly, contributorily, or by inducement any claim of the '836 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

The '836 patent is invalid because the alleged invention fails to satisfy the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

Mesh Comm's claims for relief are barred, in whole or in part, by failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

Mesh Comm's claims for injunctive relief are barred in light of the fact that Mesh Comm has failed to meet the requirements for preliminary or permanent injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

Mesh Comm's Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Defendant and Counterclaimant Trilliant Networks alleges against Mesh Comm as follows:

1.      Trilliant Networks, Inc. ("Trilliant Networks") is a Delaware corporation, having its principal place of business at 1100 Island Drive, Redwood City, California, 94065.

2. Upon information and belief, Mesh Comm, LLC, ("Mesh Comm") is a Delaware limited liability company with its principal place of business at 1162 Fairway Gardens, Atlanta, GA 30319.

3. This Court has personal jurisdiction over Mesh Comm pursuant to 28 U.S.C. § 1338(a) and because Mesh Comm has voluntarily submitted to this Court's jurisdiction in this action.

4. This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to the Federal Declaratory Judgment act, 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Mesh Comm and Trilliant Networks regarding the non-infringement and invalidity of the '836 patent, based upon the allegations asserted against Trilliant Networks in this action.

5. This Court is the proper venue for this declaratory judgment action pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because Mesh Comm has voluntarily submitted to this Court's jurisdiction in this action.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '836 PATENT

6. Trilliant Networks realleges and incorporates by reference the allegations set forth in paragraphs 1-5 of its Counterclaims.

7. An actual controversy exists between Mesh Comm and Trilliant Networks regarding the non-infringement the '836 patent.

8. Trilliant Networks does not and has not infringed any valid or enforceable claim of the '836 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

9. Trilliant Networks does not and has not infringed the '836 patent literally or under the doctrine of equivalents.

10. Trilliant Networks has been injured and damaged by Mesh Comm's filing of the Complaint asserting a patent that is not infringed.

11. This case is exceptional under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '836 PATENT

12. Trilliant Networks realleges and incorporates by reference the allegations set forth in paragraphs 1-11 of its Counterclaims.

13. An actual controversy exists between Mesh Comm and Trilliant Networks regarding the invalidity of the '836 patent.

14. The claims of the '836 patent are invalid and void for failure to meet the statutory conditions set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. Trilliant Networks has been injured and damaged by Mesh Comm's filing of the Complaint asserting a patent that is invalid.

16. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

17. Trilliant Networks demands a trial by jury on all triable issues in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Trilliant Networks prays that the Court:

A. Deny all of Mesh Comm's claims;

B. Dismiss Mesh Comm's Complaint with prejudice and order that Mesh Comm is entitled to no recovery;

C. Declare that Trilliant Networks does not infringe any valid or enforceable claim of the '836 patent;

D. Declare each and every claim of the '836 patent invalid;

E. Order that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Trilliant Networks its attorney fees, expenses, and costs for this action; and

F. Award Trilliant Networks such other and further equitable or legal relief as this Court deems necessary and proper.

Dated: February 21, 2012       Respectfully submitted,

By: */s/ Robert J. Theuerkauf*
James R. Higgins, Jr.
jhiggins@middreut.com
Robert J. Theuerkauf
rtheuerkauf@middreut.com
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
401 S. 4th Street
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Facsimile: (502) 561-0442

Of Counsel:

Paul J. Andre
pandre@kramerlevin.com
Lisa Kobialka
lkobialka@kramerlevin.com
James Hannah
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

**ATTORNEYS FOR DEFENDANT/ COUNTERCLAIMANT TRILLIANT NETWORKS, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system on February 21, 2012. Any other counsel of record will be served by first class mail.

                                        */s/ Robert J. Theuerkauf*
                                        Counsel for Defendant/Counterclaimant